## WILLIAM E. GOULD *vs.* ALLEN MONROE.

*Assessors—choice of. Collector—appointment of by the assessors.*

A town, making no choice of assessors, voted that the selectmen act as assessors, and the persons so chosen made oath "faithfully and impartially to discharge the duties of selectmen and assessors;" it was held that this was a full compliance with R. S. of 1857, c. 6, § 61, and that the selectmen were assessors.

An assessment made by persons so chosen may be properly signed by them as assessors, without any statement that they are selectmen acting as assessors.

The neglect or refusal of the person chosen as collector by the town to take the oath or furnish the requisite bond creates a vacancy in that office which may be filled by the assessors by appointment, and there need be no record of such neglect or refusal in order to render the appointment valid.

The record of the warrant to the collector is a sufficient record of his appointment.

ON EXCEPTIONS.

DEBT by the plaintiff, as collector of taxes of the town of Milo, for the year 1866, to recover the sum of $147.50, the amount of a supplemental assessment upon the poll and personal estate of the defendant.

The plaintiff claimed that the defendant was an inhabitant of Brownville at the time of the commencement of this action, but concerning this and the liability of the defendant to taxation in Milo in 1866 there was conflicting testimony.

At the March meeting, 1866, the inhabitants of Milo chose three selectmen; voted to pass the articles relating to the choice of assessors, and also voted that the selectmen be assessors. The persons so chosen made oath to "faithfully and impartially discharge the duties of selectmen and assessors .. . . to the best of their abilities and according to law." The assessment was signed by them as assessors. The records of the town, showing that J. H. Ramsell was chosen collector for that year, and the supplemental warrant directed to the plaintiff as collector were admitted in evidence with other records and papers, subject to the seasonable objection of the defendant, who assigned as reasons for his objections, among other things, that there was no evidence by any record that any assessors for Milo were legally chosen and qualified for 1866; that the records show that no assessors were legally chosen and qualified; that the records did not show that any supplementary invoice or valuation was made, as the law requires, because the persons assuming to make them were not legally chosen to do it; that the plaintiff was not shown to have been collector of Milo for 1866; that the record of the attempted appointment of plaintiff as collector shows no authority of the assessors to appoint him, because no vacancy in the officer of collector is shown, but the record shows that J. H. Ramsell was collector, and does not show that Ramsell had declined to serve or to give bond; that if the selectmen acted as assessors they should have certified in accordance with the fact.

The defendant's counsel asked the court to instruct the jury that the assessor's records were insufficient as evidence in this suit for the foregoing reasons, but the presiding judge declined to do so, and did instruct them, that on the records, papers, and evidence the tax sued for was legally voted, assessed, and committed to the collector; and that the defendant was liable to the tax to be

collected according to law, if he was an inhabitant and liable to be taxed; and that upon the record, and certificate, and evidence, the plaintiff was legally collector. And the court, against the objection of defendant's counsel, admitted parol testimony to show that Ramsell, the collector chosen at the annual town meeting in March, declined, after request by one of the selectmen, to give bond, or to serve as collector for that year; and that thereupon the plaintiff was appointed collector as appeared by the record of his appointment, and also admitted, against defendant's objection, parol testimony of the day of making the assessment, which had no date to it.

The jury found for the plaintiff a verdict of $157.08, and the defendant excepted.

*A. G. Lebroke,* for the defendant.

*Henry Hudson,* for the plaintiff.

APPLETON, C. J. This is an action of debt brought by the plaintiff, as collector of taxes of the town of Milo, for the year 1866, to recover the amount of the supplemental tax assessed upon the poll and personal estate of the defendant under the provisions of R. S. of 1857, c. 6, § 97.

The jury found by their verdict that the defendant was an inhabitant of Milo and liable to be assessed in that town.

Numerous objections were raised to the regularity of the appointment as well as to the proceedings of the officers of the town of Milo, which will be considered in their order.

1. At a legal town meeting the inhabitants duly chose certain individuals as selectmen. They then voted to pass the articles for the choice of assessors and that "the selectmen be assessors." By c. 6, § 61, " If the town does not chose assessors . . . the selectmen shall be the assessors, and each of them shall be sworn as an assessor." The law is fully complied with whether we regard the assessors as duly chosen, or acting as such by virtue of § 61. *Mussey* v. *White,* 3 Greenl. 290.

2. The persons chosen as selectmen made oath that "they would faithfully and impartially discharge the duties of selectmen and assessors . . . to the best of their abilities and according to law." This is obviously a full and complete compliance with the statute. *Mussey* v. *White*, 3 Greenl. 290; *Patterson* v. *Creighton*, 42 Maine, 376.

3. The assessment was signed by them as assessors. It is immaterial whether they became assessors by a legal choice of the inhabitants, or by the operation of the statute and as a consequence of their having been previously duly chosen as selectmen. In either event they were assessors, and there can be no objection to their signing their assessments as such.

4. The power to make supplemental assessments is given by R. S., c. 6, § 25, and the assessors appear to have carefully conformed to the provisions of the law in that respect.

5. The collector of taxes must take the oath of office before he can properly act as such. *Payson* v. *Hall*, 30 Maine, 319. The refusal on his part to give the bond required by the statute is to be regarded as a non-acceptance of the office to which he was chosen. *Morrill* v. *Sylvester*, 1 Greenl. 249. It does not appear by the records of Milo that J. H. Ramsell ever took the oath of office or gave the bonds required by law. It further appears by other evidence that Ramsell never took the oath nor gave the bonds required by law and that he refused to accept the office. A vacancy in the office of collector was fully established.

6. By the act approved Feb. 24, 1865, c. 318, provision is made for the choice of collectors, and "if none are chosen, or if those chosen refuse to serve or give the requisite bonds, the assessors may appoint a suitable person to act as constable and collector for the collection of taxes." The evidence is satisfactory to show that a state of facts existed requiring the action of the assessors in that behalf. It seems that it is not necessary that the refusal of the person chosen as collector to accept that office, or his omission to qualify himself for the discharge of its duties, by taking the oath and giving the requisite bonds, should appear on

record in the books of the town. *Hays* v. *Drake*, 6 Gray, 387. " That the appointment should, in some way, appear of record," remarks Parker, J., in *Souhegan Factory* v. *McConihe*, 7 N. H. 320, " is true. But there is no particular form of a record in such case, and the warrant granted to him, which is his commission for collecting the taxes, and which of course must have been recorded in the town records, being under the hands and seals of the selectmen, is a sufficient evidence of an appointment by them, the town having neglected to elect. 2 N. H. 205."

*Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON, and TAPLEY, JJ., concurred.